UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:11-cv-4 |
| KRISTENA JOHNSON, | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 25] filed by the plaintiff, the United States of America, on July 30, 2013. For the following reasons, the motion is **GRANTED.**

*Background*

On January 27, 2009, the parties signed a promissory note in the principal amount of $159,600. The note was secured by a mortgage for real estate commonly known as 4289 Nauset Court, Lafayette, IN 47909. The mortgage was recorded in the records of the Recorder of Tippecanoe County, Indiana on January 30, 2009. The United States of America remains the holder of the note.

The defendant, Kristena Johnson, defaulted on her obligations under the note by failing to repay the amount due in a timely manner. To date, Johnson owes as follows:

| | |
|---|---|
| Principal | $157,479.94 |
| Interest | $29,591.27 |
| Subsidy recapture | $3,421.55 |
| Advances on taxes and insurance | $14,007.17 |

1

| | |
|---|---|
| Advances for title search | $325.00 |
| Interest on advances | $1,016.34 |
| Late fee permitted under note | $122.31 |
| Advances for appraisal | $350.00 |
| Total | $206,313.58 |

The government has filed this action to collect the amounts due under the note to enforce its mortgage interest by causing the mortgage real estate to be sold by the Marshal at foreclosure sale and to have the sale proceeds remaining after payment of costs applied to the payment of its judgment.

Johnson filed her answer on May 11, 2011, stating that the U.S. Department of Agriculture would not reduce her payment when her income went down although it bases its payments upon income level. She further asserted that it was the intent of the government for her to remain in her home. The government now moves for summary judgment. Johnson responded that she has been unsuccessful in finding a way to keep her house.

*Discussion*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); **Kidwell v. Eisenhauer,** 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson***,* 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); **Stephens**, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be

evidence on which the jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). However, summary judgment may be entered against the non-moving party if it is unable to "establish the existence of an essential element to [the party's] case, and on which [that party] will bear the burden of proof at trial . . .". *Kidwell*, 679 F.3d at 964 (citing *Benuzzi v. Bd. of Educ*., 647 F.3d 652, 662 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

The government has demonstrated that Johnson has defaulted on a promissory note. Johnson did not deny that she has defaulted, nor has she presented any evidence to show that the money is not due. Rather, she argues that the USDA, the agency through which she financed her home, refused to reduce her payment based on her income level. The promissory note in this case was made under section 502 of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq*. This section provides authority for direct, single family housing loans to be serviced by the Rural Housing Service of the USDA. The regulations include instructions to the agency on how to service loans that are in default. *See* **7 C.F.R. § 3550.201** *et seq*. These sections of the regulations provide that eligible borrowers "may be offered payment assistance" and "may be offered the opportunity to avoid liquidation by entering into a delinquency workout agreement" **7 C.F.R. §§ 3550.204, 3550.205.** Therefore, a borrower in default does not have a right to receive any accommodation upon default.

Johnson has not submitted any evidence to show that a genuine issue of material fact remains. She does not dispute that she entered into and defaulted on a promissory note that the

3

government holds.  She has failed to show any reason that would warrant her failure to pay and entitle her to judgment in her favor.  Rather, the regulations show that a borrower does not have a right to an accommodation in the event of a default.  Because the government has demonstrated that it is the holder of a note on which Johnson defaulted, the court **GRANTS** the government's motion for summary judgment and enters judgment against the defendant in the amount of $206,313.58.  The court **ORDERS** the Marshal to conduct a foreclosure sale of the mortgaged property.  The proceeds of the foreclosure sale after payment of costs is to be applied to the government's judgment.

    ENTERED this 17th day of December, 2013

                                               /s/ Andrew P. Rodovich
                                               United States Magistrate Judge